In the Matter of the Claim of EDWARD SULLIVAN, Respondent, against B & A CONSTRUCTION, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued April 21, 1954; decided June 3, 1954.

*Urban S. Mulvehill* for B & A Construction, Inc., and another, appellants. I. The accident of March 24, 1948, was not the proximate cause of the third accident which occurred on June 30, 1950. (*Matter of Brown* v. *New York State Training School,* 285 N. Y. 37; *Laidlaw* v. *Sage,* 158 N. Y. 73; *Palsgraf* v. *Long Is. R. R. Co.,* 248 N. Y. 339; *Matter of Saenger* v. *Locke,* 220 N. Y. 556; *Matter of Fischer* v. *Hoe & Co.,* 224 App. Div. 335; *Matter of Ruzsjak* v. *Metal Stamping Co.,* 234 App. Div. 642, 259 N. Y. 575; *Matter of Chiodo* v. *Newhall Co.,* 228 App. Div. 740, 254 N. Y. 534; *Colvin* v. *Emmons & Whitehead,* 216 App. Div. 577.) II. There is no substantial evidence to support the award.

*John T. DeGraff* and *John E. Holt-Harris, Jr.,* for A. L. Turner and another, appellants. The automobile accident was caused not by the " locking " of claimant's knee but by the mechanical failure of a dilapidated 1936 Ford automobile.

Nathaniel L. Goldstein, Attorney-General (Daniel Polansky, Wendell P. Brown, Roy Wiedersum and Gilbert M. Landy of counsel), for Workmen's Compensation Board, respondent. The accident which the claimant sustained on June 30, 1950, was a consequential accident which was caused by the injuries which he had suffered in the accidents of March 24, 1948, and June 17, 1949. (Matter of Swanson v. Williams & Co., 304 N. Y. 624; Matter of Prentice v. Weeks, 264 N. Y. 507; Matter of Ruzsjak v. Metal Stamping Co., 259 N. Y. 575; Matter of Chiodo v. Newhall Co., 254 N. Y. 534; Matter of McNaught v. Louris Amusement Corp., 270 App. Div. 100; Matter of Murray v. Interborough R. T. Co., 249 App. Div. 883, 253 App. Div. 848; Matter of Hall v. Chapman, 257 App. Div. 1091; Matter of Malgieri v. General Elec. Co., 258 N. Y. 620; Matter of Parchefsky v. Kroll Bros., 267 N. Y. 410.)

FULD, J. Claimant, a painter by trade, sustained, in the course of two different employments, compensable injuries to his right knee. In March of 1948, while in the employ of appellant B & A Construction, Inc., he slipped on a paint brush and caught his right leg on a step; again, in June, 1949, while employed by appellant A. L. Turner, a ladder which he was climbing broke and he struck and twisted the same leg. As a result of these injuries, his right knee, previously sound, acquired a pronounced tendency to " lock," so that claimant, until he could " shake " it back into place, found himself — as he put it — " paralyzed * * * from my knee to my hip," and deprived of all use and control of his right leg. From the report of a doctor, made after the second accident, it appears that " even mild trauma such as that caused by stepping over a small stone on the road or a high place in the sidewalk * * * [created] the sensation of the ' knee giving away.' "

Claimant suffered this locking, and the accompanying pain and paralysis, frequently, not only while walking but, indeed, whenever he put pressure on his knee. Driving an automobile became particularly hazardous; claimant himself testified that " once or twice a week," in applying pressure to the brake, his knee slipped into such a position that " he would have to stop and unlock it." Nevertheless, he continued to operate his car.

On June 30, 1950, a year after the second injury, claimant was hurt in an automobile accident, and it is solely from that accident that the present award stems. He was driving in the state of Maryland, at a speed of between forty and forty-five miles an hour, when " something [went] haywire with " the steering wheel; the tie rod, by which the front wheels are controlled, had, it subsequently appeared, broken. Although in the past claimant had always succeeded in stopping his car, on this occasion, when he tried to press down on the brake, nothing happened. His knee " locked," it was " paralyzed " and useless, and the car, out of control, careened off the highway, into the woods, and struck a tree. Claimant lay unconscious for some time and, when taken to a local hospital, was found to have suffered a comminuted fracture of the right femur.

Having previously received an award for his earlier injuries, claimant now seeks compensation for the injuries sustained in the automobile accident. This latest mishap did not arise in the course of his employment, for, concededly, claimant was driving on his own personal business. An award is, therefore, warranted only if the automobile accident and the consequent injuries resulted directly and naturally from claimant's prior injuries and the disability thereby produced. (See, e.g., Matter of Robbins v. Frohlich, 303 N. Y. 987; Matter of Brown v. New York State Training School, 285 N. Y. 37; Matter of Fischer v. Hoe & Co., 224 App. Div. 335; Yarbrough v. Polar Ice & Fuel Co., 118 Ind. App. 321; see, also, Larson on Workmen's Compensation [1952], § 13, pp. 183 et seq; cf. Matter of Chiodo v. Newhall Co., 254 N. Y. 534; Matter of Murray v. Interborough R. T. Co., 253 App. Div. 848, 249 App. Div. 883.) If such injuries only remotely contributed to the accident on the road, then, claimant is not entitled to compensation. Or, to express it somewhat differently, if claimant is to recover, the disability occasioned by the earlier accidents must have been a proximate, not simply a " but for," cause of his latest mishap.

Here, quite obviously, it was claimant's own temerity, not the physical handicap resulting from the industrial accidents, that was primarily responsible for the later, 1950, accident. Despite his serious infirmity and despite the obvious risk involved —

to innocent passers-by as well as to himself — he persisted in operating a car, indeed, in driving at what was, for him, the immoderate speed of over forty miles an hour. Even the simple precaution of adding an auxiliary hand or left-foot brake, such as those used by others who are disabled, was omitted. Eventually, the inevitable accident occurred. While the earlier injuries may have been a " but for " cause of the accident, they certainly did not constitute the requisite legal or proximate cause. When claimant ignored his locking knee and, without justification, continued to drive, responsibility for the accident and its consequences could no longer be ascribed to his employment-created disability.

Had claimant been ignorant of the extent of his disability, had his knee not previously locked while driving, the case might conceivably have been different. In the light of the record before us, however, it is indisputable that claimant's own act of driving, supervening between the industrial accidents and the car crash, broke the essential chain of causation.

The order of the Appellate Division should be reversed, the award of the Workmen's Compensation Board annulled and the claim dismissed, with costs in this court and in the Appellate Division against respondent Workmen's Compensation Board.

LEWIS, Ch. J., CONWAY, DESMOND, DYE, FROESSEL and VAN VOORHIS, JJ., concur.

Order reversed, etc.