Stefanos **KTISTAKIS**, Plaintiff-Appellant,

v.

**UNITED CROSS NAVIGATION CORP.,**
Defendant-Cross Appellant.

**No. 328, Docket 27843.**

United States Court of Appeals
Second Circuit.

Argued April 17, 1963.

Decided May 7, 1963.

Jacob Rassner, New York City (James Corines, and Alan C. Rassner, New York City, on the brief), for plaintiff-appellant.

Edwin K. Reid, New York City (Zock, Petrie, Sheneman & Reid, John R. Sheneman, New York City, on the brief), for defendant-cross appellant.

Before SMITH, KAUFMAN and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge.

This is an appeal by the plaintiff, Stefanos Ktistakis, and a cross-appeal by the defendant, United Cross Navigation Corporation, from a judgment entered by Judge Bonsal, sitting without a jury, in the United States District Court for the Southern District of New York. The judgment, reported in an opinion at 204 F.Supp. 293 (S.D.N.Y. 1962), awarded plaintiff damages of $40,-000 in an action which invoked the court's admiralty and maritime jurisdiction.

On November 15, 1957, plaintiff, as second mate, stood his watch from midnight to 4 a. m., aboard the S.S. Genie, a vessel owned by the defendant, which was discharging oil at Port Socony, Staten Island, New York. The plaintiff was the officer in charge at the time. He alleged that at about 2:30 a. m., as he was walking under the discharge lines, which were approximately four to five feet above the deck, he slipped on an accumulation of oil covered by sawdust, and fell, land-

ing on his lower back and sustaining severe injuries. He has undergone two operations and a third is recommended; in his present condition he is totally unfit for sea duty.

■■ The District Court found that the accident occurred as plaintiff alleged and that it was causally related to the injuries which he suffered. These findings of fact, both of which defendant attacks, rest on the resolution of sharply-conflicting testimony; we sustain them both as not being clearly erroneous. McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954). Defendant also attacks the District Court's holding that the accumulation of oil covered by sawdust on which plaintiff slipped at 2:30 a. m., and which was found to have existed prior to midnight, rendered the ship less than reasonably fit for its intended use, Boudoin v. Lykes Bros. S.S. Co., 348 U.S. 336, 75 S.Ct. 382, 99 L.Ed. 354 (1955); Mosley v. Cia. Mar. Adra, S.A., 314 F.2d 223 (2 Cir. 1963), and provided sufficient grounds for recovery under the doctrine of transitory unseaworthiness. Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed. 2d 941 (1960). We uphold this finding as clearly in accord with the governing law. Pinto v. States Marine Corp., 296 F.2d 1 (2 Cir. 1961), cert. denied, 369 U.S. 843, 82 S.Ct. 874, 7 L.Ed.2d 847 (1962); Blier v. United States Lines Co., 286 F.2d 920 (2 Cir.), cert. denied, 368 U.S. 836, 82 S.Ct. 32, 7 L.Ed.2d 37 (1961). Defendant's other contentions on its cross-appeal being without merit, we affirm plaintiff's right to recover on the grounds relied upon by the District Court.

■ Plaintiff's appeal challenges a single holding in the judgment below: the standard of care against which the District Court as a matter of law measured plaintiff's conduct in determining that he had been contributorily negligent. The Court's finding that plaintiff's contributory negligence was 50 per cent responsible for the accident in which he received his injuries resulted in a reduction by 50 per cent of the total amount of damages to which he would otherwise have been entitled. Dunbar v. Henry Du Bois' Sons Co., 275 F.2d 304 (2 Cir.), cert. denied, 364 U.S. 815, 81 S.Ct. 45, 5 L.Ed.2d 46 (1960); Boat Dagny, Inc. v. Todd, 224 F.2d 208 (1 Cir. 1955); Seas Shipping Co. v. Sieracki, 328 U.S. 85, 94 n. 11, 66 S.Ct. 872, 90 L.Ed. 1099 (1946). In commenting upon the significance of plaintiff's conduct, 204 F.Supp. at 295, 296, the District Court said:

> "The plaintiff, as second mate and the officer in charge of the watch, had a duty to clean the oil spill and sawdust from the deck. He claims that he had no knowledge that the condition existed. However, as the officer in charge, it was his duty to discover such things and remedy them.
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> "I also find that the plaintiff was contributorily negligent as the officer in charge of the watch for his failure to remedy a hazardous situation which it was his duty to discover and correct."

As the language of these two passages indicates, plaintiff was held to be contributorily negligent, simply by virtue of his failure to discharge what the District Judge formulated as a duty of an officer in charge of the watch to discover and remove—as opposed to making every reasonable effort to discover and remove—the dangerous condition created by the oil spill sometime between midnight, when he came on watch, and 2:30 a. m., when the accident occurred. Yet it is clear by definition that negligence cannot consist in the failure to meet an absolute standard of care such as the District Court here imposed as a matter of law, Stokes v. United States, 144 F.2d 82 (2 Cir. 1944), particularly in an area of the law which has abolished notions of assumption of risk. Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 59 S.Ct. 262, 83 L.Ed. 265 (1939); Becker v. Waterman S.S. Corp., 179 F.2d 713 (2 Cir. 1950). In considering whether plaintiff had been contributorily negligent, the

District Court should have judged plaintiff's conduct by the traditional negligence standard of whether he exercised the care which a reasonably prudent man would have exercised under the circumstances. Dixon v. United States, 219 F.2d 10, 16–17 (2 Cir. 1955). Because the District Court failed to use this standard, the finding that plaintiff was contributorily negligent is reversed.

This case must therefore be remanded to the District Court for a new determination, made in light of the proper standard, of whether plaintiff was contributorily negligent. If he is found to have been contributorily negligent, the District Court must then make a determination of the degree to which this contributory negligence was responsible for the accident, in order, if necessary, to reset the amount of damages.

Affirmed in part, reversed in part, and remanded with instructions.