Stefanos KTISTAKIS, Plaintiff-Appellant,

v.

UNITED CROSS NAVIGATION CORP. and Carras (U. S. A.) Ltd., Defendants-Appellees.

No. 154, Docket 28410.

United States Court of Appeals Second Circuit.

Argued Nov. 7, 1963.

Decided Nov. 18, 1963.

James Corines, Brooklyn, N. Y. (Jacob Rassner, New York City, of counsel) (Jacob Rassner, Alan C. Rassner, New York City, on the brief), for plaintiff-appellant.

Zock, Petrie, Sheneman & Reid, New York City (Edwin K. Reid, New York City, of counsel), for defendants-appellees.

Before WATERMAN, MOORE and SMITH, Circuit Judges.

PER CURIAM.

After trial of the action, which was brought within the district court's admiralty and maritime jurisdiction, the judge below, sitting without jury, awarded plaintiff damages of $40,000. He found plaintiff to have been so contributorily negligent that the $40,000 award represented but half of the recovery plaintiff would have been entitled to receive if he had not been negligent in any degree. This opinion is reported at 204 F.Supp. 293 (S.D.N.Y.1962). Upon appeal, 316 F.2d 869 (2 Cir. 1963), it was our view that the district judge may have given undue weight in his appraisement of plaintiff's negligence to the circumstance that plaintiff was the vessel's second mate, and, when injured, was the officer in charge of the watch, and hence had a duty to keep the deck clean from oil spill and sawdust. Therefore, we remanded the case to the district judge with instructions to re-examine the plaintiff's conduct "by the traditional negligence standard of whether he exercised the care which a reasonably prudent man would have exercised under the circumstances."

After remand plaintiff moved for summary judgment and a redetermination of the damages on the trial record. Obedient to our instructions, the judge reviewed the record and applied the standard we instructed him to apply. In a memorandum opinion he reaffirmed his previous estimate of the extent to which plaintiff's own negligence had contributed to the injury, and he reaffirmed his former award of damages. Plaintiff appealed. We affirm. Oil had been dripping for several hours from the coupling where the shore discharge lines connected with the ship's manifold discharge lines and spill tubs had been placed under the leaking coupling to catch the drip. The entire area was well-lighted. From midnight until 2:30 A. M. plaintiff had been responsible for the supervision of the work being done in this area, including the emptying of the spill tubs from time to time. The slippery condition caused by the oil that had dripped onto the deck from the coupling or the tubs should have been apparent to a reasonably prudent man in the plaintiff's position.

Affirmed.