Peter TEDESCHI, Plaintiff-Appellee,

v.

LUCKENBACH STEAMSHIP COMPANY, Inc., Defendant-Third-Party Plaintiff-Appellee-Appellant,

v.

TURNER & BLANCHARD, INC., Third-Party Defendant-Appellant.

No. 71, Docket 28238.

United States Court of Appeals Second Circuit.

Argued Oct. 15, 1963.

Decided Nov. 19, 1963.

Richard L. Fisch, New York City, (Fisch, Kaplan & Goldman, New York City, on the brief), for plaintiff-appellee.

William M. Kimball, New York City (Burlingham, Underwood, Barron, Wright & White, New York City, on the brief), for appellee-appellant.

Patrick E. Gibbons, New York City (Terhune, Gibbons & Mulvehill, New York City, on the brief), for third-party defendant-appellant.

Before WATERMAN, HAYS and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge.

The facts concerning the accident which gave rise to this litigation are undisputed, and appear in the parties' stipulation and the findings below. Plaintiff was a longshoreman engaged in loading cargo on the No. 4 shelter deck of the SS Harry Luckenbach, while it was moored at the foot of 36th Street, Brooklyn. His job was taking cargo off pallets which were lowered onto the hatch cover of the deck. The vessel, a C–3 type freighter, had a batten well about $3\frac{1}{4}''$ wide and $3\frac{1}{4}''$ deep running entirely around the hatch. When the vessel was at sea, tarpaulins covered the hatch and were secured by lengths of steel or lumber which were dropped into the batten well. During the loading operation, which had been going on for an hour and a quarter, the pallets on which the cargo was lowered had been moved forward to cover the batten well. However, the pallet on which plaintiff was working at the time of the accident was not so positioned, and the well was left exposed. Plaintiff stepped forward over the well, picked up one of the crates on the pallet, and then, as he was stepping backward, caught his left foot in the well, whereupon he fell backward and sustained fractures of the left tibia and fibula. He then brought suit in admiralty against Luckenbach Steamship Co., Inc., owners of the SS Harry Luckenbach, alleging breach of the warranty of seaworthiness. Luckenbach impleaded Turner & Blanchard, Inc., the stevedoring company, alleging that the latter's negligence was the primary cause of the accident and that it was entitled to indemnity by virtue of the contract between the parties. We think the condition of the uncovered batten well made the vessel unseaworthy, as the trial court found, and hence affirm that part of the judgment.

That the uncovered batten well created a hazardous condition is to us clear, and it is of course immaterial that the plaintiff or the other members of the crew may have been negligent in their conduct preceding the accident. The result here is governed by such cases as Grillea v. United States, 232 F.2d 919 (2 Cir.); De-Gioia v. United States Lines Company, 304 F.2d 421 (2 Cir. 1962); Shenker v. United States, 322 F.2d 622 (2 Cir. 1963); and Ktistakis v. United Cross Navigation Corp., 316 F.2d 869 (2 Cir. 1963).

We are not impressed by the argument that the accident was not the result of unseaworthiness but solely the operating negligence of the stevedoring crew. For an appreciable interval of time, the batten hatch was uncovered, and we think this sufficient to create a condition recognizable as unseaworthiness. Nor does the fact that in most cases of this type the dangerous condition is the product of some substance or material being added to the ship's structure, while here the condition was a permanent structural feature, require a different result. Cf. Salem v. United States Lines Co., 370 U.S. 31, 82 S.Ct. 1119, 8 L.Ed.2d 313 (1962). If the ship as built contained a hazardous condition by reason of the uncovered well, as it did, then it could be made seaworthy only by covering the well.

■■ The part of the judgment in favor of Luckenbach against the impleaded party, Turner & Blanchard, Inc., must also be affirmed. The stevedoring contract obligated the third-party defendant "to faithfully furnish such stevedoring services as may be required upon such vessels as are assigned to it" and to "provide all necessary stevedoring labor * * * and such other stevedoring supervision as are needed for the proper and efficient conduct of the work." Under the principles of Ryan Stevedoring Co. v. Pan Atlantic Steamship Co., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956); Weyerhaeuser Steamship Co. v. Nacirema Operating Co., 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958); and Crumady v. The Joachim Hendrik Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959) this language constituted an implied warranty to discharge the stevedoring duties in a workmanlike manner and to indemnify the shipowner from foreseeable loss resulting from negligent performance of its duty. See DeGioia v. United States Lines Co., 304 F.2d 421 (2 Cir. 1962); Paliaga v. Luckenbach Steamship Co., 301 F.2d 403 (2 Cir. 1962). The trial court concluded that the accident might have been avoided if the stevedoring crew had moved the pallets over the batten well, and that the

implied warranty of workmanlike service was breached by their failure to do so. Under applicable law, this conclusion was entirely correct.

In accordance with our decision in De-Gioia v. United States Lines Co., supra, the third-party plaintiff may recover its attorneys' fees incurred on this appeal, which we fix at $500, together with taxable costs.

The judgment is affirmed.