Howard Ali AMMAR, Plaintiff-Appellee,

v.

AMERICAN EXPORT LINES, INC., Defendant-Appellant.

No. 219, Docket 28479.

United States Court of Appeal Second Circuit.

Argued Dec. 12, 1963.

Decided Jan. 27, 1964.

Robert Klonsky of DiCostanzo, Klonsky & Sergi, Brooklyn, N. Y., for Herman N. Rabson, New York City, for plaintiff-appellee.

James M. Estabrook of Haight, Gardner, Poor & Havens, New York City (Hollis M. Walker, Jr., New York City, on the brief), for defendant-appellant.

Before CLARK,* SMITH and HAYS, Circuit Judges.

---

* The late Judge Charles E. Clark heard oral argument on this case but did not participate in its decision.

HAYS, Circuit Judge.

■ Defendant shipowner, American Export Lines, appeals from a verdict of $197,261.45 rendered against it in favor of a seaman, Ammar, in a suit under the Jones Act, 41 Stat. 1007 (1920), 46 U.S.C. § 688 (1958). Plaintiff has filed a cross-appeal complaining of the reduction of damages because of plaintiff's contributory negligence and of the exclusion of certain home nursing expenses in the determination of defendant's liability for maintenance and cure.[1]

Plaintiff was the victim of two accidents. The first occurred on November 29, 1959, when he fell from a platform while working on his ship. The second occurred on July 20, 1961, some 20 months later, when he rode a motorcycle into a wall. Plaintiff's claim with respect to the second accident was that it was caused by a blackout which resulted from a brain injury incurred in the first accident.

The issue of liability for the first accident was submitted to the jury by special interrogatories on two theories, unseaworthiness and negligence. The jury was unable to agree on unseaworthiness, but found that defendant was negligent and that this negligence was the proximate cause of plaintiff's brain injury. The plaintiff was found free from contributory negligence with respect to the shipboard accident and damages were assessed at $11,000. As to this part of the action, there is no real controversy on this appeal.

After the shipboard accident and as a result of his brain injury plaintiff suffered recurrent blackouts. He was advised by Public Health Service doctors that the blackouts would eventually stop. The last blackout that he experienced prior to the motorcycle accident occurred two months before the accident, in May 1961. On July 20, 1961, plaintiff, who was not working because of an unrelated injury, mounted a friend's motorcycle, went into a skid from which he recovered, and, then, after traveling perhaps seventy feet, crashed into the wall of a house. Plaintiff explained that he had blacked out after coming out of the skid. Defendant introduced evidence to contradict plaintiff's claim that the motorcycle accident was the result of a blackout and argued that, if plaintiff had blackouts, then he had been negligent in boarding a motorcycle, knowing of his susceptibility, and also because he was unfamiliar with the operation of the particular model of motorcycle.

The injuries which plaintiff incurred in the second accident were extremely severe. His spinal cord was severed, resulting in total quadriplegia.

The jury found that the defendant's negligence with regard to the shipboard accident was a proximate cause of the motorcycle accident and that plaintiff's damages were $455,216.67. However, the jury found further that plaintiff was contributorily negligent as to the motorcycle accident and that 59.64 percent of plaintiff's damages were attributable to such contributory negligence. Applying this percentage the jury rendered a verdict for plaintiff for the second accident in the sum of $183,725.45.

I.

■ On this appeal defendant relies chiefly[2] on the claim that the district

1. Plaintiff does not press the point regarding home nursing expenses on this appeal. In any event the ruling below was proper. By making available to the seaman the free medical services afforded by the Marine Hospital service a shipowner may limit recovery to such maintenance and cure expenses as cannot be obtained by recourse to those services. The shipowner was not required in this case to honor the seaman's preference for private treatment. Kossick v. United Fruit Co., 365 U.S. 731, 733, 81 S.Ct. 886, 6 L.Ed. 2d 56 (1961); Calmar S.S. Corp. v. Taylor, 303 U.S. 525, 531, 58 S.Ct. 651, 82 L.Ed. 993 (1938).

2. Defendant also objects to plaintiff's counsel's having read to the jury in his summation a doctor's report that was not in evidence. The doctor had made two reports. Only the first report was in evidence, and the plaintiff's counsel read from

court erred in not instructing the jury on the issue of "foreseeability" with respect to the second accident.

The word "foreseeability" has a number of different meanings in the law of torts and the concept is one of variable and shifting content.

We can derive the meaning which the defendant attaches to the word from his argument that the second accident was not foreseeable because, as the jury found, intervening negligence of the plaintiff contributed to that accident. If foreseeability is a material element of the plaintiff's case then this argument would require granting judgment for the defendant as a matter of law. But defendant also argues, somewhat inconsistently, that whether plaintiff's intervening negligence would make the second accident unforeseeable is a question of fact for the jury under proper instructions.

In charging the jury the court separately discussed the unseaworthiness and negligence theories of liability. As to unseaworthiness the court indicated that the plaintiff was required to prove that any unseaworthiness was a proximate cause of injury to plaintiff, and proximate cause was defined as:

> "a direct causal connection between the ship's unseaworthiness and the plaintiff's injury. To constitute a proximate cause not only must the cause actually contribute to the result, but such a cause must not be a remote one. It is a cause which, in a natural and continuous sequence, unbroken by any efficient intervening cause, helps to produce the injury and without which the accident would not have happened."

But although in discussing the negligence theory the court reiterated that the plaintiff must show proximate causation, the definition previously used, which included the remoteness element, was not repeated. Instead the court stated only that:

> the second. But since the second report said in substance what the doctor had

"Under the Jones Act, it is not necessary that defendant's negligence be the sole proximate cause of [the] injury. It is sufficient if defendant's negligence played any part, even the slightest, in producing the injury."

Defendant contends that the jury must have concluded that even though defendant's negligence was a remote cause separated from plaintiff's second injury by plaintiff's intervening negligence, plaintiff could recover under the negligence claim if defendant's negligence played any part at all in producing the injury. We agree with defendant that the charge withdrew from the jury the question of remoteness of damages with respect to the negligence claim. We believe, however, that the district court was correct in its conclusion that the employee's negligence was not an intervening efficient cause breaking the chain of proximate causation.

We think that the proper analysis for FELA and Jones Act cases is contained in Rogers v. Missouri Pacific R. R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957). In that case the courts below had reversed a jury verdict for the employee on the ground that the accident was the result of an emergency brought about by the employee's inattention. Noting that the state court's opinion could be interpreted as holding that if the employee's conduct was at least as probable a cause for his mishap as any negligence of the respondent the employee could not recover, the Supreme Court held that the jury's function had been improperly invaded. The test of a jury case, said the Court, was:

> "simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other

> stated on the stand, any error was harmless.

causes, including the employee's contributory negligence" (352 U.S. at 506, 77 S.Ct. at 448, 1 L.Ed.2d 493).

It was of course this statement that was the source of the jury charge in the present case. Although Rogers did not involve a subsequent accident, we think it excludes in Jones Act cases the application of causation analysis to limit liability for remote damages.

█ It is well established that the intervening negligence of a third party is not sufficient to insulate the original actor from liability on grounds of unforeseeability. Fredericks v. American Export Lines, 227 F.2d 450 (2d Cir. 1955), cert. denied, 350 U.S. 989, 76 S.Ct. 475, 100 L.Ed. 855 (1956); Slattery v. Marra Bros., 186 F.2d 134, 136 (2d Cir), cert. denied, 341 U.S. 915, 71 S.Ct. 736, 95 L.Ed. 1351 (1951). In view of the liberal guidelines established by Rogers v. Missouri Pacific R. R. Co., supra, and Gallick v. Baltimore & Ohio R. R. Co., 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963), we think that a Jones Act claimant's intervening negligence must be treated similarly. No distinction can be drawn between the negligence of a third party and that of a claimant in terms of either proximate causation in fact or foreseeability in fact. The only policy basis for a difference in treatment is that a claimant has less of an equitable claim for relief when his own negligence has contributed to his injuries than when the negligence of a third party is involved. This distinction may have a bearing in the application of a workmen's compensation act that does not permit apportionment of damages and thus presents a choice between complete recovery or no recovery, see Sullivan v. B & A Const., Inc., 307 N.Y. 161, 120 N.E.2d 694 (1954). But we do not think it is applicable to a system such as the Jones Act in which contributory negligence may be considered in reduction of damages, since the purpose of such a system is precisely that of excluding the claimant's fault from the determination of the question of liability. In the present case

plaintiff's negligence was accorded all the significance to which it was entitled when the jury reduced plaintiff's damages by 59.64%. Thus we hold that the lower court properly eliminated from the jury's consideration the question of remoteness of damages. See Fredericks v. American Export Lines, supra; Prosser, Torts § 50 (2d ed. 1955).

## II.

█ In his cross-appeal plaintiff argues that since the jury found that he was not negligent with regard to the shipboard accident it was improper to diminish the damage award solely because of his negligence in the second accident. That is, plaintiff contends that the doctrine of comparative negligence applies only to contributory negligence at the commencement of the chain of causation. Although this point was not properly preserved by an objection to the jury instructions, see Fed.R.Civ.P. 51, we rule upon it since its decision was implicit in our analysis of the problem of remoteness of damages.

█ Neither the parties' research nor our own has disclosed any decision dealing with this question. Section 3 of the Federal Employers' Liability Act, 35 Stat. 66 (1908), 45 U.S.C. § 53 (1958), which is incorporated by reference in the Jones Act, provides that:

"the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee * * *"

On its face the statute would appear equally applicable whether the claimant's negligence occurs at the commencement or the end of the chain of causation. Moreover, were we to accept plaintiff's contention that the comparative negligence portion of the statute does not apply to the subsequent accident we would be hard put to it to hold that plaintiff could still reap the benefits of the portion of the statute that eliminates contributory negligence as a bar to re-

covery. In that event plaintiff would not be able to recover any of the damages attributable to the second accident. Since we conclude that the liberal policies of the Jones Act are best served by the apportionment of consequential damages on the basis of fault rather than by an all or nothing rule of liability, we hold that the reduction of plaintiff's damages because of his negligence in the second accident was proper.

We affirm the judgment of the court below.