██ In the Matter of the Claim of BURNELL L. RANSIEAR, Respondent, v. LEWIS COUNTY WELFARE DEPARTMENT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— SWEENEY, J. Appeal by Lewis County and its Welfare Department from decisions of the Workmen's Compensation Board filed October 22, 1964 and March 22, 1968. Claimant sustained two independent accidents while in the course of his employment as head maintenance man for Lewis County Welfare Department. The first occurred on September 18, 1962 when he attempted to break the fall of a fellow worker; the second, on September 26, 1962 when he was helping to carry a five hundred pound kitchen range. In the first, the record indicates he injured his left arm, shoulder and neck. In the second, he injured his left arm and shoulder again. Dr. Brooks treated claimant for both accidents. His diagnosis was a sprained left shoulder and arm. He discharged claimant on October 15, 1962 as able to return to his usual work. The claimant indicated, however, the pain persisted. Claimant's employment was terminated two days after the second accident. His work thereafter consisted only of odd jobs but he was not treated again for the injuries until May 15, 1964, when he saw Dr. Steele. Subsequent to the termination of his employment by the county, he developed a psychiatric condition. The board found that

both the physical and mental disabilities were causally related to the accidents. The issue is whether these findings are supported by substantial evidence. We believe they are. Dr. Steele testified the neck injury was causally related. Dr. Heap, who examined for the county, disagreed, as did Dr. Brooks. This conflict of medical testimony presented a question of fact reserved to the board to determine and we should not disturb it here. (*Matter of Bombala* v. *Lark Mfg. Co.*, 32 A D 2d 593; *Matter of Prue* v. *Empire Scrap Metals*, 32 A D 2d 680.) As to the psychiatric condition, Dr. Libertson, the board's impartial psychiatrist, in his report about the relationship between the original injuries and the psychiatric difficulties, said they " have become so enmeshed and involved with each other that it is not possible to say there is no relationship." While this report is less than positive, taking it in its entirety, it clearly permits the conclusion that the doctor believed the condition was causally related to the accident. (*Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414; cf. *Matter of Miller* v. *National Cabinet Co.*, 8 N Y 2d 277.) In addition, his report was supported by Dr. Boudreau's report which stated the accident of September 18, 1962 was the incipient cause of claimant's psychiatric condition. Considering all the psychiatric evidence, the board was justified in concluding it was sufficient to meet the requirement of substantial evidence. (*Matter of Brown* v. *Alcas Cutlery Corp.*, 25 A D 2d 579.) Decisions affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.