Martin **FARNARJIAN**, Plaintiff-Appellant,

v.

**AMERICAN EXPORT ISBRANDTSEN LINES, INC.,** Defendant-Appellee.

No. 437, Docket 72–1598.

United States Court of Appeals, Second Circuit.

Argued Jan. 29, 1973.

Decided Feb. 20, 1973.

**362**

Edward M. Katz, New York City (Abraham E. Freedman, New York City, on the brief), for plaintiff-appellant.

Stephen K. Carr, New York City (Haight, Gardner, Poor & Havens, Stephen C. Pascal, New York City, on the brief), for defendant-appellee.

Before ANDERSON, FEINBERG and MULLIGAN, Circuit Judges.

FEINBERG, Circuit Judge:

Plaintiff Martin Farnarjian appeals from a judgment for defendant American Export Isbrandtsen Lines, Inc. after a trial in the United States District Court for the Southern District of New York before a jury and Judge Richard H. Levet. Refreshingly, Farnarjian raises only one point on appeal, that the district court erred in charging the jury on proximate cause. Although the charge was incorrect, we find that the error did not prejudice plaintiff's substantial rights. Accordingly, we affirm the judgment of the district court.

**I**

Plaintiff's action joined in familiar fashion a negligence claim under the Jones Act, 46 U.S.C. § 688, and a claim of unseaworthiness under general maritime law. Plaintiff had been employed aboard defendant's vessel as a saloon messman. On November 7, 1968, he slipped and fell on a soapy deck in the officers' messroom while walking to the pantry to get hot water to clean the deck. The theory of plaintiff's case was that the action of his superior, the Chief Steward, in unnecessarily spreading soapy water over the entire messroom deck was negligent and also rendered that part of the ship unseaworthy. Defendant claimed that it was plaintiff's duty to keep the deck clean and dry, that plaintiff had failed to do his own job properly, that the Chief Steward had spread the soapy water on only part of the deck to demonstrate how the job should be done, and that he had exercised due care in so doing.

The trial was on the liability issue only. The key issues concerned what the Chief Steward had done: In his effort to instruct plaintiff by example, had he covered the entire deck with soapy water, as plaintiff claimed, or only a part of it, as defendant claimed; was the Chief Steward negligent, and was the ship unseaworthy because of an unreasonable

accumulation of soapy water? There was no issue as to whether and how plaintiff had fallen. The question was whether this was the fault of defendant or of plaintiff, or of no one at all.

The issue regarding the judge's charge arose in the following way. Plaintiff requested the court to charge that plaintiff's burden was to prove that defendant's negligence "played some part, however slight, in causing the occurrence in which plaintiff was injured." For that proposition, plaintiff cited Rogers v. Missouri Pacific R. R., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), and DeLima v. Trinidad Corp., 302 F.2d 585 (2d Cir. 1962). The judge did use the "however slight" language once in his charge, though not in reference to causation,[1] and five times said, in effect, that defendant would be liable if its negligence or the unseaworthiness of the vessel was a proximate cause, in whole or in part, of plaintiff's fall. The "in whole or in part" language also appeared in two interrogatories submitted to the jury, which are reproduced in the margin.[2] However, in the course of explaining various legal terms, the court charged as follows:

> Now what is a proximate cause?[3] An act or an omission to act is a proximate cause of an event that is a *substantial factor* in bringing about that event. Thus, if you find that the plaintiff has proved by a fair prepon-

derance of the credible evidence that the defendant's acts or omissions were a *substantial factor* in bringing about the plaintiff's alleged accident, the requirement of a proximate cause is satisfied. However, a showing of negligence, without proof of a proximate cause, is, as I have attempted to show you, insufficient.

> Stating it in another way, a proximate cause is that cause which in a natural and continuous sequence, unbroken by any efficient intervening cause, is a *substantial factor* in bringing about the injury. [Emphasis added.]

Proximate cause was not otherwise defined, although, as indicated above, it was frequently qualified by the "in whole or in part" language.

At the conclusion of the charge, and outside the presence of the jury, counsel for plaintiff excepted to the court's charge, stating:

> MR. KATZ: Your Honor defined proximate cause as an act or omission constituting a substantial factor in causing the injury. I am not a hundred per cent sure, but I think that the charge should have been whether it played a part, however small, in causing the injury, not—

> THE COURT: We considered that. I had my clerk check it just before we started out today. I can't agree with

---

1. The judge charged:
   Under the negligence doctrine, a ship owner is liable for negligence when the owner, knowingly or carelessly, breaches any duty, *however slight*, to the plaintiff. [Emphasis added.]

2. 1. Has Plaintiff proved by a fair preponedrance of the credible evidence that defendant was negligent because of an unreasonable accumulation of soapy water on the saloon messroom deck on board the SS Exchester as the same existed on November 7, 1968 and that such negligence was a proximate cause, in whole or in part, of the accident sustained by plaintiff on November 7, 1968?

   _____  _____
   Yes      No

   2. Has plaintiff proved by a fair preponderance of the credible evidence that the SS Exchester was unseaworthy because of an unreasonable accumulation of soapy water on the saloon messroom deck as the same existed on November 7, 1968 and that such unseaworthiness was a proximate cause, in whole or in part, of the accident sustained by plaintiff on November 7, 1968?

   _____  _____
   Yes      No

3. Throughout the transcript, the word "proximate" frequently appears as "approximate." The parties agree that this is a reporter's error. We have not perpetuated it.

you. All right. I deny the application. That's all.

The jury was then given special interrogatories. See note 2 supra. The first question combined proximate causation with the issue of negligence, and the second joined it with the issue of unseaworthiness. The jury answered both questions in the negative, returned a general verdict for defendant and was not required to answer the remaining questions, dealing with contributory negligence.

## II

Relying on the authorities cited above, plaintiff argues that the court's definition of proximate cause in this case was wrong. We agree with plaintiff. There is simply no place in a Jones Act charge for the "substantial factor" language in defining proximate cause, however sensible that phrase may be in other contexts.[4] The Jones Act incorporates by reference the language of the Federal Employers' Liability Act, which makes an employer liable in damages for injury to an employee "resulting in whole or in part from" the employer's negligence. 45 U.S.C. § 51. The cases have emphasized this language in a variety of contexts. See, e. g., Rogers v. Missouri Pacific R. R., supra, 352 U.S. at 506, 77 S. Ct. at 448 (inquiry, on sufficiency issue, whether "employer negligence played any part, even the slightest," in the injury); DeLima v. Trinidad Corp., supra, 302 F.2d at 587–588, (error to refuse to charge that employer is liable if his negligence "played any part, even the slightest, in producing an injury to plaintiff"); accord, Ammar v. American Export Lines, Inc., 326 F.2d 955, 958–959 (2d Cir.), cert. denied, 379 U.S. 824, 85 S.Ct. 48, 13 L.Ed.2d 34 (1964), reh. denied, 379 U.S. 985, 85 S.Ct. 640, 13 L.Ed. 2d 579 (1965); Page v. St. Louis

Southwestern Ry., 312 F.2d 84, 87–92 (5th Cir. 1963). To say that an employer's negligence was a "substantial factor" in causing an employee's injury is not the same as saying that the negligence played "any part at all." The two concepts are simply incompatible, and joining them is at best confusing. Therefore, we would be inclined to reverse the judgment below were it not for two of defendant's arguments.

The first of these is based on the judge's repeated statements in his charge that plaintiff was required only to show that defendant's negligence, if proved, was the proximate cause, "in whole or in part," of the accident, and on the use of the interrogatories, which again repeated this standard. See note 2 supra. Defendant, therefore, asserts that the charge, taken in context, was proper. Defendant also argues that on the facts of this case the error, if any, in the charge could not have made any difference.

There is some force to the first contention, see Domeracki v. Gulf Oil Corp., 202 F.Supp. 89, 91–92 (E.D.Pa.1962), and the second is quite persuasive. In regard to the latter, the real question for the jury in this case was, as indicated above, whether the Chief Steward had acted improperly. There was no question that plaintiff's fall had been caused by the soapy water on the deck. The issues were whether its presence there was due to negligence of the Chief Steward and whether it rendered the ship unseaworthy; and the court carefully and correctly defined negligence and unseaworthiness. *Cause* was not an issue in the case since no cause of the accident other than the condition of the deck was ever suggested.[5] Under these circumstances, we do not believe that any "substantial rights" of plaintiff were prejudiced by the error in the charge. Fed.

4. See 1 Committee on Pattern Jury Instructions, Ass'n of Supreme Court Justices, New York Pattern Jury Instructions—Civil, PJI 2:70, at 148–49 (B. Meyer ed. 1965); id. at 57–58 (Supp. 1971).

5. Except for plaintiff's contributory negligence, which the jury never relied upon according to its answers to the interrogatories.

R.Civ.P. 61. Plaintiff's argument to the contrary is that there was conflicting testimony as to whether the Chief Steward had wet the entire deck or just part of it and that if the jury believed the latter, it might have concluded "that, although this condition played some part, however slight, in causing plaintiff's injury, it did not rise to the level of constituting a substantial factor in bringing it about." [6] The difficulty with this argument is that if the Chief Steward wet only a small portion of the deck, there was no basis at all for finding negligence or unseaworthiness.

The judgment of the district court is affirmed.

Koelsch, Circuit Judge, concurred specifically and filed opinion.

---

6. Brief for Plaintiff-Appellant, at 11.