**Frank D. BROWN, Plaintiff,**

v.

**OMI CORPORATION, and OMI Rover Transport, Inc., Vulcan Carriers Ltd., and The M/V RANGER, In Rem., Defendants.**

**No. 92 Civ. 5371 (RWS).**

United States District Court,
S.D. New York.

Sept. 22, 1994.

Phillips Cappiello Kalban Hofmann & Katz, P.C. by Paul T. Hofmann (of counsel), for plaintiff.

William M. Kimball, New York City, for defendants.

## OPINION

SWEET, District Judge.

The parties, facts, and prior proceedings in this case involving allegations of negligence under the Jones Act, 46 U.S.C.App. § 688 *et seq.*, and the unseaworthiness of the vessel the M/V RANGER, have been fully described in a prior opinion of this Court, familiarity with which is assumed. *See Brown v. Omi Corp.*, 92 Civ. 5371, 1994 WL 39026, 1994 U.S. Dist. LEXIS 1223 (S.D.N.Y. Feb. 7, 1994).

On September 21, 1994, a conference (the "Charge Conference") was held with counsel for the parties in this matter relating to the charge to be delivered to the jury at trial (the "Charge"). This opinion addresses issues raised in the Charge Conference.

Brown argued at the Conference that he could show causation on his unseaworthiness claim by demonstrating that an unseaworthy condition "in the slightest degree contributed to his injury," which is the causation standard applicable to claims brought under the Jones Act. Brown cited *Milos v. Sea–Land Serv., Inc.*, 478 F.Supp. 1019 (S.D.N.Y.1979), *aff'd without op.*, 622 F.2d 574 (2d Cir.), *cert. denied*, 449 U.S. 954, 101 S.Ct. 360, 66 L.Ed.2d 219 (1980) in support of the proposition that the causation standards under his Jones Act claim and his unseaworthiness claim were identical. (*See* Pl.'s Req. p. 8, ¶ 23.) The Defendants argued that Brown was required to demonstrate that an unseaworthy claim was a substantial factor in causing his injuries. (*See* Def.'s Req. at p. 3, ¶ 7.)

The Second Circuit has not spoken definitively on the causation standard applicable to unseaworthiness claims. *Farnarjian v. American Export Isbrandtsen Lines, Inc.*, 474 F.2d 361 (2d Cir.1973), has been described as applying the Jones Act standard in unseaworthiness cases. *See Joyce v. Atlantic Richfield Co.*, 651 F.2d 676, 685 (10th Cir.1981). *Farnarjian*, however, focused on the proper Jones Act charge. *See Farnarjian*, 474 F.2d at 364 ("There is simply no place in a Jones Act charge for the substantial factor language in defining proximate cause, however sensible that phrase might be in other contexts."). Also, in the later case of *Johannessen v. Gulf Trading & Transp. Co.*, 633 F.2d 653, 657 n. 5 (2d Cir.1980) (emphasis added), the Circuit Court stated the standard for a seaworthiness claim as whether a jury could "find that the unseaworthy valve was a *direct* but concurrent cause of the [injury]," indicating that the substantial factor test should apply.

■ The Charge has adopted the substantial factor test. In *Saleh v. United States*, 849 F.Supp. 886, 894–95 (S.D.N.Y.1994) (Tenney, J.), the Plaintiff, citing *Milos*, argued that the lower standard of causation from the Jones Act should be applied to his unseaworthiness claim. Judge Tenney rejected the argument, stating that *Milos* was "out of step" with other statements of the law, that the Jones Act negligence standard was specifically incorporated from FELA, while the unseaworthiness claim was a preexisting, free standing cause of action, and that the Fifth Circuit case which *Milos* relied upon is of uncertain authority in its own circuit. As *Saleh* correctly states the law on this subject, the Charge applies the "substantial factor" causation standard to Brown's unseaworthiness claim.

■ Brown also argues that he was only required to exercise slight care to avoid being held contributorily negligent. (Pl's Req. at 5, ¶ 13–14.) The Defendants have argued that Brown was required to use anywhere from "due care" to "an expert's degree of care." (Def.'s Req. at 9–10, ¶¶ 41, 42, 43.)

*Ktistakis v. United Cross Navigation Corp.*, 324 F.2d 728, 729 (2d Cir.1963), *cert. denied*, 377 U.S. 915, 84 S.Ct. 1179, 12 L.Ed.2d 185 (1964), was an unseaworthiness case in which the Second Circuit established, as a standard for contributory negligence, "the traditional negligence standard of

whether [the seaman] exercised the care which a reasonably prudent man would have exercised under the circumstances."

Also, in *Karvelis v. Constellation Lines S.A.,* 806 F.2d 49, 53 (2d Cir.1986), *cert. denied,* 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987), a Jones Act and unseaworthiness case, the defendant submitted a jury charge on contributory negligence that incorporated a "due care" or "reasonable care" standard, and then appealed on the ground that the district court had failed to give the charge. The Second Circuit recited the charge given, which contained a "reasonable care" standard, and found that this charge was substantially the same as that submitted by the defendant. Thus, while not explicitly approving the "reasonable care" charge, the Circuit Court seems to have accepted its correctness. The Charge therefore applies the standard of "reasonable care" to the Defendants' contributory negligence claims.

It is so ordered.