■ In the Matter of the Claim of ROBERT PELLERIN, Respondent, v NEW YORK STATE DEPARTMENT OF CORRECTION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [627 NYS2d 147] —Mercure, J. Appeals from three decisions of the Workers' Compensation Board, filed November 9, 1992, March 30, 1994 and June 15, 1994, which, *inter alia,* ruled that claimant sustained a consequential injury and awarded workers' compensation benefits.

Claimant, employed as a Correction Officer, suffered a compensable permanent partial disability and ultimately received a nonschedule lump-sum payment as the result of a November 1980 accident in which he slipped on ice, fell and injured his back. In October 1990, claimant fell from a tree stand while hunting and sustained a severe back injury, rendering him a paraplegic. His application to the Workers' Compensation Board to reopen his claim on the basis of a consequential injury and a change in condition not contemplated at the time of the settlement was granted. The employer and its insurance carrier (hereinafter collectively referred to as the employer) appeal that determination and a subsequent determination that the employer is liable for payment of the cost of a wheelchair.

We affirm. It is not seriously disputed that there was substantial evidence to support the Board's finding that claimant's compensable injury rendered his left leg susceptible to "giving out" and that he "sustained a consequential paraplegia condition when he stood up out of a seat on a tree stand and his left leg gave out causing him to fall and injure himself". Rather, it is the employer's contention that, in view of claimant's knowledge that his leg frequently and unpredictably gave out on him and caused him to fall, claimant's "rash and irresponsible" action in climbing a tree stand, "supervening between the industrial accident[ ] and the [fall from the

tree stand], broke the essential chain of causation" *(Matter of Sullivan v B & A Constr.,* 307 NY 161, 165; *see,* 1 Larson, Workmen's Compensation § 13.12 [c]). The determination of whether a claimant's act is unreasonable and therefore an intervening one is itself a question of fact for the Board *(see, Matter of Dickerson v Essex County,* 2 AD2d 516, 519), and we conclude that there was substantial evidence to support the Board's finding that "claimant's actions in using a tree stand while hunting were not rash or irresponsible, based on his medical condition prior to his fall but were a reasonable activity for [him] to be engaged in". On this record, the Board could rationally conclude, as it did, that claimant was unaware that his leg was likely to give out when rising from a seated position and therefore could not foresee that his leg would give out under the circumstances of this accident *(see, Matter of Barre v Roofing & Flooring,* 83 AD2d 681; *Matter of Curtis v Cross Bay Excavating Co.,* 65 AD2d 638).

The employer's remaining argument, concerning its obligation to pay medical expenses other than "doctor bills" during the pendency of its appeal to this Court *(see,* Workers' Compensation Law § 23), has been rendered academic by our determination of the appeals.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the decisions are affirmed, with costs to claimant against the employer and its carrier.