■ In the Matter of the Claim of CONCETTA SUSI, Appellant, v BERMIL CONTRACTING COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [681 NYS2d 676] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed March 10, 1997, which ruled that the death of claimant's decedent was not causally related to a prior compensable accident and denied her claim for workers' compensation death benefits.

Claimant's decedent suffered a compensable knee injury in 1980 and was awarded workers' compensation benefits based upon a permanent partial disability. In 1990, decedent was standing on a ladder repairing a window sill on the second

floor of his home when he cried out in pain that his leg hurt and fell to the ground, sustaining fatal injuries. Finding that decedent's act of climbing the ladder with knowledge of the unstable condition of his knee was unreasonable, the Workers' Compensation Board ruled that decedent's death was not causally related to the 1980 accident and denied claimant's application for workers' compensation death benefits. Claimant appeals.

Inasmuch as substantial evidence supports the Board's conclusion that decedent's actions were unreasonable and therefore superceded any causal connection between the 1980 injury and his death, we affirm (*see, Matter of Sullivan v B & A Constr.*, 307 NY 161). The record discloses that decedent received a total knee replacement following the 1980 injury and experienced frequent episodes of knee buckling, with the most recent incident occurring two days prior to his death. Claimant's own consulting physician testified that, given the "marked instability" of decedent's knee, it was foolish for decedent to have climbed the ladder. Under these circumstances, the Board could rationally find that decedent was aware that his knee was unstable and could foresee that it would buckle while standing on the ladder (*see, id.*, at 165; *cf., Matter of Pellerin v New York State Dept. of Correction*, 215 AD2d 943, 943-944, *lv denied* 87 NY2d 806; *Matter of Barre v Roofing & Flooring*, 83 AD2d 681). Accordingly, we decline to disturb the Board's decision denying claimant's application for workers' compensation death benefits.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.