*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    October 2, 2014                518145
_____

In the Matter of the Claim of
    RENNY DOWDELL,
                    Respondent,

        v

OFFICE OF FAMILY AND CHILDREN          MEMORANDUM AND ORDER
    SERVICES et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:    September 8, 2014

Before:    McCarthy, J.P., Rose, Egan Jr., Devine and Clark, JJ.

_____


        William O'Brien, State Insurance Fund, Liverpool (Susan B.
Marris of counsel), for appellants.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for Workers' Compensation Board,
respondent.

_____


Clark, J.

        Appeal from a decision of the Workers' Compensation Board,
filed March 25, 2013, which ruled that claimant's posttraumatic
stress disorder was consequential to his established claim for a
back injury and awarded further workers' compensation benefits.

        Claimant worked as an aide at a residential center for
juvenile delinquents who had committed the equivalent of
felonies, and was tasked with supervising the residents.  He

injured his back while restraining an unusually violent resident in May 2010, and successfully applied for workers' compensation benefits. In April 2011, claimant filed a second claim alleging that he had sustained mental injuries as a result of the incident. The two cases were combined and, following a hearing, a Workers' Compensation Law Judge amended the claim to include consequential posttraumatic stress disorder, depression and anxiety. The Workers' Compensation Board affirmed, and the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) appeal.

We affirm. "Whether a subsequent disability arose consequentially from an existing compensable injury is a factual question for resolution by the Board, and its determination will not be disturbed when supported by substantial evidence" (Matter of Bailey v Ben Ciccone, Inc., 104 AD3d 1017, 1017 [2013] [citations omitted]; accord Matter of Goldstein v Prudential, 117 AD3d 1368, 1369). A consequential injury, in turn, is one that "result[s] directly and naturally from claimant's prior injuries and the disability thereby produced" (Matter of Sullivan v B & A Constr., 307 NY 161, 164 [1954]). Claimant here testified that he was assigned to monitor video feeds of the facility upon his return to work from his back injury, work that required him to constantly observe the unruly behavior of the residents and reminded him of the initial incident and his injuries. His injuries left him feeling helpless to assist the coworkers he observed dealing with the residents, and he ultimately sought medical assistance after he became enraged and blacked out due to watching numerous incidents where other employees required aid. Claimant was thereafter diagnosed with posttraumatic stress disorder, accompanied by anxiety and depression, and his treating psychologist stated in no uncertain terms that those conditions flowed from the May 2010 incident and the injuries he sustained therein. The Board credited the psychologist's factually specific opinion (cf. Matter of Bradley v US Airways, Inc., 58 AD3d 1043, 1044-1045 [2009]), and the employer submitted no medical evidence to rebut it. Under these circumstances, we find substantial evidence in the record to support the Board's determination (see Matter of Bailey v Ben Ciccone, Inc., 104 AD3d at 1018; Matter of Guzman v Display Creation, 202 AD2d 709, 709 [1994]; Matter of Ransiear v Lewis County Welfare Dept., 33 AD2d

940, 941 [1970]).

We have considered the employer's remaining arguments and found them to lack merit.

McCarthy, J.P., Rose, Egan Jr. and Devine, JJ., concur.


ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court